# Case No. 12,395.

## In re SAWYER.

[2 Lowell, 475; 14 N. B. R. 241; 3 N. Y. Wkly. Dig. 143.] [1]

District Court, D. Massachusetts. May 11, 1876.

BANKRUPTCY—COMPOSITION — PAYMENT TO OPPOSING CREDITOR—ADVANTAGE HELD OUT.

1. Where a creditor was paid to give up his threatened opposition to a composition,—*Held*, the resolution was void, though a sufficient number of creditors had accepted it, and there was no evidence that their action was influenced by his, nor that the debtor himself procured the payment to be made.

[Cited in Re Bennett, Case No. 1,312; Fairbanks v. Amoskeag Nat. Bank, 38 Fed. 634.]

[Cited in Farwell v. Raddin, 129 Mass. 8.]

2. So, where one who held the bankrupt's note was induced to sign the resolution by an expectation of advantage held out by the indorser, though what precise advantage was to be given did not appear, nor that the bankrupt had any thing to do with it.

A composition offered in this case appeared to be duly accepted, and was recorded; and a few days afterwards a creditor petitioned to have the order for recording vacated, on the ground of fraud newly discovered by him. It appeared that one C. C. Farwell, who signed the confirmation, was asked to sign by an indorser of his note, who was active in procuring signatures, and that Farwell expected to obtain some advantage from this indorser if he should consent to sign, though he could not say what, nor why he expected it. There was no promise, and

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 3 N. Y. Wkly. Dig. 143, contains only a partial report.]

nothing was proved to be known by the bankrupt [James M. Sawyer] about it. Another creditor, who did not sign the composition, had expressed his intention to oppose it, and was paid something not to oppose; but there was no evidence that the bankrupt knew any thing of this payment, or that the money came or was to come from him.

B. E. Perry, S. W. Creech, Jr., and Mr. Towle, for objecting creditor.

Mr. Boardman and C. Blodgett, for bankrupt.

LOWELL, District Judge. I have expressed my opinion upon the general subject of a secret advantage to one creditor, to induce him to assent to a discharge of a bankrupt, and as to the debtor's knowledge, &c., in the late Case of Whitney [Case No. 17,580], which, I think, has been printed. It is vain to expect that privity in such a fraud shall be usually brought home to the debtor by direct evidence, and it must be, as it always has been, the rule, that he who has the advantage may be presumed to have had a part in obtaining it until the contrary is proved. The statute distinctly avoids a discharge obtained by means of a pecuniary consideration, given to a creditor with the debtor's privity; but the composition law is silent on this point, leaving us to general rules and principles; and it is a well-recognized rule of all courts that any compact between creditors compounding with a debtor is vitiated by any advantage given to one of them. There is no rule more universally acknowledged, and the statute rather limits than enlarges the scope of this doctrine, when it speaks of the debtor's privity.

Under the composition clauses my opinion is, that if a creditor is induced to vote or sign, by any means different from or beyond the composition, whether known to the debtor or not, his vote, so influenced, operates as a fraud on the other creditors, and makes the composition voidable by any of them, from the nature of the case. In England, from whose law we borrowed this particular feature of ours, it has several times been held that if the vote is influenced by good feeling merely, and a desire to benefit the debtor, it will not stand against an objection; and a saying of the learned chief judge in bankruptcy has received the approbation of several courts. "Benevolence; generosity, forbearance, may be well exercised, with this restriction, however, that the practice of these moral virtues is not to be made at the expense of other people." Ex parte Williams, L. R. 10 Eq. 57. See Ex parte Cowen, 2 Ch. App. 563; Hart v. Smith, L. R. 4 Q. B. 61; Ex parte Russell, 10 Ch. App. 255; Ex parte Greaves, 5 Ch. App. 326; Ex parte Deacon, 4 Ch. App. 87. Whether our courts would go so far, I do not undertake to say; but it is clear that a majority arrived at by bribery, though the bankrupt be

no party to it, is no fair majority; and it seems to follow that if a vote is influenced by the expectation of advantage, though without any positive promise, it cannot be considered an honest and unbiased vote.

The man who was undoubtedly bought did not vote or sign any paper, but simply withdrew an intended opposition. In the case of assent to or dissent from a bankrupt's discharge, it has been said by several eminent judges that a creditor has no moral right to oppose, unless for good cause; and so, if the opposition of a creditor is bought off, it must be presumed that there was good ground for opposition. Browne v. Carr, 7 Bing. 516; Hall v. Dyson, 17 Q. B. 785; Dexter v. Snow, 12 Cush. 595. It is not proved that the bankrupt took part in this fraud, and it does not stand on the footing of any other creditor being actually misled, because this creditor signed nothing. Still, as I have said, knowledge must be imputed to the bankrupt in most cases, unless there is clear and undoubted evidence against it.

Order to record composition set aside.