## George K. Johnson v. Henry C. Kibbee.

*Plea puis darrein continuance: New issue.* A plea *puis darrein continuance* operated at common law to destroy the issue previously formed, and required a new issue to be formed, by replication or otherwise.

*Special pleas: Statute construed: Plea puis darrein continuance.* The statute (*Comp. L. 1871,* § *5792*) abolishing special pleas was not designed to deprive the defendant of the right to make a special defense of matters arising subsequent to the filing of his plea of the general issue; and *section 5794,* requiring notice of special matter of defense to be annexed to the plea of the general issue, does not operate to require notice to be so given of matters which if pleaded specially would be inconsistent with and destroy the general issue, and does not apply to the case of pleas *puis darrein continuance.*

*Submitted on briefs April 6. Decided April 17.*

Error to Wayne Circuit.

This was assumpsit upon a promissory note; plea the general issue, with notice of special matters of defense. Proceedings were stayed for a considerable time, and when that stay was removed and the cause set down for trial, the defendant filed a plea of payment, in the form of a plea *puis darrein continuance,* to which no demurrer or replication was filed. The cause coming on for trial, it was tried upon the original issue, and judgment rendered for the plaintiff, and the defendant brought error.

*Henry M. Cheever,* for plaintiff in error.

*D. C. Holbrook,* for defendant in error.

MARSTON, J:

It is conceded by counsel in this case that at common law the effect of a plea *puis darrein continuance* is to destroy the issue previously formed; and that a new issue must be formed on the plea *puis darrein,* by replication or otherwise, and such undoubtedly was the rule. It is claimed, however, by defendant in error, that our statute

*(Comp. L.*, § *5792)* abolishing special pleas would seem to prevent the making a special defense by plea, arising in a case subsequent to the filing of the plea of the general issue, and that no provision is made to meet the exigency of such a case; that the defense could hardly be recognized by a notice containing the matter of the plea, and that there is no provision for a notice in such a case, as this defense must, being new matter, by the common law, be set up by special plea of a peculiar form, and sworn to.

This, we think, is a strong reason why no forced construction should be put upon the statute referred to, in order to deprive a defendant of the right to bring in and set up in his defense new matter. *Section 5794,* which requires notice of special matter of defense to be by the defendant annexed to his plea of the general issue, we think, cannot be so construed as to require notice to be given of matters which if pleaded specially would be inconsistent with and destroy the plea of the general issue. Besides, this section contemplates that the notice to be given shall be annexed to and put in with the plea of the general issue at the time it is filed. There is no doubt but that notice of special matter of defense annexed to the plea is much the simpler and easier method of pleading, and should be adopted when applicable, and that courts should be liberal in permitting such notice to be given or amended in furtherance of justice. It is evident, however, that such notice cannot be adopted in all cases, and we think this one of them. The other questions we need not consider.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.