### AMOS PIERCE *vs.* ROYAL GILKEY & another.

Middlesex.   Jan. 17. — March 13, 1878.   ENDICOTT & SOULE, JJ., absent.

A composition in bankruptcy under the U. S. St. of June 22, 1874, § 17, is no de-
fence to an action on a debt included therein, if the amount of the composition has
not been paid or tendered to the creditor, and he has not waived such payment
or tender, nor taken any part in the proceedings for a composition.

CONTRACT upon three promissory notes for $1000 each, dated
respectively October 11, 1869, June 1, 1870, and January 27,
1871, payable to the order of the plaintiff and signed by the de-
fendants as copartners under the name of Royal Gilkey & Co.
The defendant Gilkey (the other defendant having been de-
faulted) filed an answer setting up a composition in bankruptcy
with his creditors, including the plaintiff, under the U. S. St. of
June 22, 1874, § 17, and a tender of the amount of this compo-
sition to the plaintiff.

At the trial in this court, without a jury, before *Ames*, J., it
was admitted that the defendants were copartners in business,
under the firm name of Royal Gilkey & Co., from the year 1859
to 1872, and that they made the notes declared on; that in 1872,
Stickney withdrew from the firm; and that Gilkey thereafter
continued business individually, but in the name of Royal Gilkey
& Co.

Gilkey produced in evidence the records of the United States
District Court for the District of Massachusetts of a petition
filed by the creditors of Gilkey against him in bankruptcy, and
proceedings for a composition between him and his creditors ac-
cording to the U. S. St. of June 22, 1874, § 17, and notice to all
creditors named in the statement filed by Gilkey, which con-
tained the name and address of the plaintiff as a creditor of
Gilkey & Co., but not as of a firm composed of Gilkey and Stick-
ney.   Stickney was not mentioned in or made a party to, or
notified of the proceedings in bankruptcy, or the composition.

The plaintiff was not made a party to the bankruptcy pro-
ceedings, except as hereinbefore stated, and did not attend,
either by himself or attorney, any of the meetings of the cred-
itors, or vote in regard to the compromise, or sign any consent
thereto.   The money alleged to have been tendered to the plain-

tiff was not paid or brought into court, and there was no evidence of the tender, excepting that the plaintiff's counsel stated at the trial that he would make no question as to the tender if the defendant would pay the money into court.

Upon these facts the judge found for the plaintiff; and ordered judgment accordingly. The defendant alleged exceptions.

*H. L. Hazelton*, for the defendant.

*W. F. Slocum*, for the plaintiff.

GRAY, C. J. It is unnecessary to consider whether the composition between Gilkey and his creditors covered his partnership as well as his individual debts, because, even if it did, yet, the amount of the composition not having been paid or tendered to the plaintiff, and he not having waived such payment or tender, nor taken any part in the proceedings for a composition, he was not barred of his action. *Edwards* v. *Coombe*, L. R. 7 C. P. 519. *In re Hatton*, L. R. 7 Ch. 723. *Ex parte Peacock*, L. R. 8 Ch. 682. *Goldney* v. *Lording*, L. R. 8 Q. B. 182. *Newell* v. *Van Praagh*, L. R. 9 C. P. 96. *National Mount Wollaston Bank* v. *Porter*, 122 Mass. 308.          *Exceptions overruled.*