## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

HOME NATIONAL BANK *vs.* CYRUS CARPENTER & another.

Suffolk.　March 13, 14, 1879. — June 24, 1880.　MORTON & ENDICOTT, JJ., absent.

If a resolution of composition, under the U. S. St. of June 22, 1874, § 17, has been signed by the requisite majority of creditors, and the debtor's assent to its terms has been manifested by his signature to the petition by which the proceedings for a composition were initiated, and the court has adjudged that the resolution has been duly passed, and has ordered it to be recorded, its operation cannot be impeached collaterally, in an action at law, by a creditor who would otherwise be bound by it, on the ground that it was not confirmed by the signature of the debtor.

In order to give effect to a composition under the U. S. St. of June 22, 1874, § 17, it is not necessary that the debtor should make a tender to every creditor of the amount due him under the composition; but it is sufficient that such notice of his readiness to pay that amount be given to each creditor as may enable him to demand it at a reasonable place, and at the time when it is payable by the terms of the composition.

CONTRACT on a promissory note. Answer, a composition in bankruptcy under the act of Congress of June 22, 1874, § 17. Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The defendants admitted the execution of the note, and proved the following facts: The defendants filed their petition in bankruptcy in the District Court of the United States for the District of Massachusetts, containing the usual schedule of assets and

liabilities, which included the name and address of the plaintiff and the note now sued on; but they were not adjudicated bankrupts.

The defendants signed and presented to that court a petition, representing that a composition of ten per cent in cash, to be paid within thirty days after the composition should have been accepted and confirmed by the court, with the option to the creditors to accept twelve and one half per cent, payable in three equal instalments, in four, eight and twelve months, secured by notes of the debtors, in satisfaction of all their debts, had been proposed by them to their creditors; and praying that a meeting of their creditors might be called to act upon this proposal. At a meeting called accordingly, the composition proposed was accepted by the creditors by a resolution which was passed by the requisite majority, and was reported to the court by the register, who certified that the debtors produced to the meeting statements of their assets and debts, "herewith transmitted," and that the resolution had been confirmed by the signatures, "herewith transmitted," of the debtors and of the requisite majority in number and value of the creditors. The resolution had appended to it such signatures of the creditors, but not of the plaintiff, nor of the debtors; and, in fact, no statement of assets, as referred to by the register, was filed with the papers.

The court thereupon passed the following order: "And now, on this fourth day of December, A. D. 1875, this cause came on to be heard upon the resolution for composition heretofore presented to the court; and upon hearing all persons desiring to be heard thereon, it appearing to the court that said resolution was duly passed in the manner directed by the statutes in this behalf, and the court being satisfied that said resolution is for the best interest of all concerned, it is ordered that the same be forthwith recorded, and that the statement of the debtors, as to their debts and assets, presented with the said resolution, be forthwith filed. Any person interested may apply to the court, at any time, for further directions, as provided by law, and as he may be advised."

Within two weeks after the resolution was recorded, the defendants notified the plaintiff that they were ready to pay the amount due them under the composition at their place of

business in Boston.   On January 6, 1876, the defendants, not having heard from the plaintiff, sent to the plaintiff a bank check for the amount due under the first proposition of the resolution, which was returned by the plaintiff, without communication in writing or otherwise on the subject.

The defendants contended that they were discharged by the composition.   The plaintiff contended that the composition was not operative, on two grounds: " First, because the defendants did not confirm the resolution for composition by their signature thereto.   Second, because the defendants did not make to the plaintiff, within thirty days after the recording of the resolution, a sufficient tender of the amount due under the first clause of the composition, and never tendered the notes."   The judge sustained the plaintiff's points, and thereupon found for the plaintiff; and the defendants alleged exceptions.

*R. M. Morse, Jr. & H. L. Harding,* for the defendants.

*G. Morse,* for the plaintiff.

GRAY, C. J.   By the act of Congress of June 22, 1874, § 17, in any case of bankruptcy pending, whether an adjudication in bankruptcy has been had or not, the creditors of the alleged bankrupt may, at a meeting called under the direction of the court, resolve that a composition proposed by the debtor shall be accepted in satisfaction of their debts.   " And such resolution shall, to be operative, have been passed by a majority in number and three fourths in value of the creditors of the debtor assembled at such meeting, either in person or by proxy, and shall be confirmed by the signatures thereto of the debtor and two thirds in number and one half in value of all the creditors of the debtor."   The debtor " shall produce to the meeting a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due.   Such resolution, together with the statement of the debtor as to his assets and debts, shall be presented to the court; and the court shall," upon notice to all the creditors, and upon hearing, " inquire whether such resolution has been passed in the manner directed by this section ; and, if satisfied that it has been so passed, it shall, subject to the provisions hereinafter contained, and upon being satisfied that the same is for the best interest of all concerned, cause such resolution to be recorded and statement

of assets and debts to be filed; and until such record and filing shall have taken place, such resolution shall be of no validity." " The provisions of a composition accepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses and the amount of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors."

The grounds upon which it was contended by the plaintiff, and ruled by the court below, that the composition was not operative were, first, that the defendants did not confirm by their signatures the resolution for a composition; and, second, that no sufficient tender was made by the defendants to the plaintiff. We are of opinion that neither of these grounds is tenable.

It is not clear that the act of Congress requires that the resolution of composition, in order to be operative, shall be confirmed by the signatures of debtor and creditors. The words "to be operative," by strict grammatical construction, qualify only the words "shall have been passed by a majority," &c., and not the subsequent words "and shall be confirmed by the signatures," &c. But if they must be considered as applying to the signing, as well as to the passage, of the resolution of composition, they clearly relate only to something necessary to be done before the resolution is presented to the court sitting in bankruptcy for its approval, and of which that court must inquire and be satisfied in determining whether the resolution shall be recorded. *In re Scott*, 15 Bankr. Reg. 73. And where, as in this case, the resolution of composition has been signed by the requisite majority of creditors, and the debtors' assent to its terms has been manifested by their signatures to the petition by which the proceedings for a composition were initiated, and the court has adjudged that the resolution has been duly passed and has ordered it to be recorded, it is not open to a creditor, who would otherwise be bound by it, to impeach its operation collaterally by action on his original debt.

It was contended at the argument, (though the point does not appear to have been made or passed upon at the trial,) that the resolution of composition was of no validity, because no statement of assets and debts was filed. But the register certified to

the court that the debtors produced to the meeting statements of their assets and debts, "herewith transmitted;" the original petition in bankruptcy contained the usual schedule of assets and liabilities ; and the order of the court, approving the resolution of composition and ordering it to be recorded, also ordered "that the statement of the debtors as to their debts and assets, presented with the said resolution, be forthwith filed." It is manifest, therefore, that the suggestion in the bill of exceptions that "in fact no statement of assets, as referred to by the register, was filed with the papers," can mean no more than that no new statement was filed by the debtors; and that the schedule contained in the original petition was treated, in accordance with a practice previously approved by the judge, as the statement required of the debtors in the proceedings for a composition. *In re Haskell,* 11 Bankr. Reg. 164.

A composition under the U. S. St. of 1874 takes effect, not from the mere contract of the parties, but from the judgment of the court in bankruptcy. *Guild* v. *Butler,* 122 Mass. 498. *Mudge* v. *Wilmot,* 124 Mass. 493. There is nothing in the terms of the statute, or in the nature of the proceeding, which requires the debtor to make a tender, in the strict sense of the word, to every creditor, of the amount due him under the composition. It would be unreasonable to require the debtor, in order to avail himself of the benefit of the composition judicially established, to seek out every creditor at his residence or place of business, perhaps in a distant state, and there make a formal tender of the amount due. It is sufficient that such notice of the debtor's readiness to pay that amount be given to each creditor as may enable him to demand it at a reasonable place, and at the time when it is payable by the terms of the composition.

This view is in accordance with the opinions expressed by English judges in cases arising under the statutes from which Congress borrowed these provisions. In *Hazard* v. *Mare,* 6 H. & N. 434, 444, Chief Baron Pollock, delivering the judgment of the Court of Exchequer, is reported to have said, "We incline to think that a formal tender might not be required, if a reasonable" (possibly a misprint for "seasonable") "effort to pay were made." In *Ex parte Hemmingway,* 26 L. T. (N. S.) 298, (overruled on another point only; *In re Hatton,* L. R. 7 Ch. 723, 725,)

the debtor's solicitor had written to all the creditors, stating that the debtor was ready to pay the amount due from him under the composition, or to forward the amount by post-office order, as the creditor should see fit; and the Chief Judge in Bankruptcy said : " It was the fault of the creditor alone that the debtor had not the opportunity of tendering the amount due.   He could not transmit the money until he received some authority from his creditor to do so, and he certainly was not bound to follow him in order to make a physical tender of the money."   In *Edwards* v. *Coombe*, L. R. 7 C. P. 519, 522, (upon the authority of which *In re Hatton* was decided,) Mr. Justice Willes said : " It appears from the case of *Ex parte Hemmingway* that no formal tender of the composition is necessary, but that it is enough if the debtor be ready to pay, and express his willingness to pay.   That done, if the creditor declines to receive it, the debtor may set that up as an answer.   The creditor cannot be allowed to avoid the effect of the resolution by any evasion on his part."   And there are no opposing decisions.   The cases on which the plaintiff relies only decide that, when the debtor has neither paid, nor tendered, nor offered to pay, the amount within the stipulated time, the creditor's right of action is not barred.   *Fessard* v. *Mugnier*, 18 C. B. (N. S.) 286.   *Pierce* v. *Gilkey*, 124 Mass. 300, and cases cited.

In the case before us, the creditors were to be paid, in thirty days after the recording of the composition, ten per cent of their debts in money, with the election of receiving instead notes of the debtors for twelve and a half per cent thereof.   Within fourteen days, the debtors gave notice to the plaintiff that they were ready to pay the amount due at their own place of business in Boston, the city in which the court was held.   The plaintiff never demanded payment of the money, nor gave any notice of an election to take the notes.   It was the fault of the plaintiff, and not of the defendants, that the composition has not been carried out.                    *Exceptions sustained.*