CHANDLER C. FARWELL & another *vs.* CHARLES E. RADDIN.

Suffolk.    March 10. — June 24, 1880.    ENDICOTT & SOULE, JJ., absent.

A composition in bankruptcy, under the U. S. St. of June 22, 1874, § 17, cannot be impeached collaterally in an action at law in a state court, by a single creditor who was a party to the proceedings, by showing that the composition was obtained by fraudulent acts of the bankrupt.

CONTRACT for goods sold and delivered, and on a promissory note. Answer, that the defendant filed in the District Court of the United States for the District of Massachusetts a petition to be adjudicated a bankrupt, and a petition for a meeting of his creditors to act upon a composition of his debts proposed by him; that such meeting was duly called and held, and a resolution accepting the proposed composition duly accepted by the requisite number and amount of his creditors and recorded by order of that court; that the amount of the debt due the plaintiffs, and their names and address, were duly stated in the schedule of debts annexed to the first petition, and in the statement of the defendant's debts and assets produced at the meeting of creditors; and that, after the resolution was recorded, and within the time stipulated therein, the defendant tendered and paid to the plaintiffs, and they accepted, the amount due to them under the resolution, in full settlement, discharge and composition of their claim.

At the trial in the Superior Court, the plaintiffs admitted the truth of the facts set out in the answer; but offered to prove that the defendant, before the filing of his petition in bankruptcy, abstracted from his assets the sum of about $50,000, which he did not state in his schedule, but secreted from his creditors; that the signatures of the plaintiffs, and of nearly all the other creditors, were obtained to the composition by false and fraudulent representations made by the defendant as to the amount of his assets; and that the signatures of a portion, if not quite all, of the creditors were obtained to the composition by reason of pecuniary or other considerations paid or promised to the creditors who signed.

*Putnam*, J. ruled, *pro forma*, that the plaintiffs, if they proved these facts, were not entitled to maintain this action, ordered a

verdict for the defendant, and reported the case to this court, according to whose opinion on this question judgment was to be entered on the verdict or a new trial ordered.

*G. H. Towle*, for the plaintiffs.

*R. M. Morse, Jr. & R. Stone, Jr.*, for the defendant.

GRAY, C. J. The U. S. St. of June 22, 1874, § 17, which defines the power of the District Court of the United States over proceedings of composition in bankruptcy, provides that, " if it shall at any time appear to the court, on notice, satisfactory evidence, and hearing, that a composition under this section cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice or undue delay to the creditors or to the debtor, the court may refuse to accept and confirm such composition, or may set the same aside." Under this provision, the judgment approving the composition might have been set aside by that court for the benefit of all the creditors, upon a direct application for the purpose, and upon proof of the fraudulent acts now charged against the defendant. *In re Sawyer*, 2 Lowell, 475. *Ex parte Hamlin*, 2 Lowell, 571. *In re Scott*, 15 Bankr. Reg. 73, 90. *In re Herman*, 17 Bankr. Reg. 440. *In re Thorpe*, L. R. 8 Ch. 743, 746. Those acts cannot therefore be set up to impeach that judgment collaterally in an action at law in a state court by a single creditor who was a party to those proceedings. *Way* v. *Howe*, 108 Mass. 502. *Burpee* v. *Sparhawk*, 108 Mass. 111. *Black* v. *Blazo*, 117 Mass. 17. See also *Home National Bank* v. *Carpenter, ante*, 1; *Hersey* v. *Jones*, 128 Mass. 473; *Lewis* v. *Leonard*, 5 Ex. D. 165; *Wadsworth* v. *Pickles*, 5 Q. B. D. 470.

The case differs from those in which the plaintiff was not a party to, nor bound by, the adjudication in the federal court, as in *Mudge* v. *Wilmot*, 124 Mass. 493, and *Woolsey* v. *Hogan*, 124 Mass. 497; or in which the defendant had not done nor attempted to do the acts required of him by that adjudication, as in *National Mount Wollaston Bank* v. *Porter*, 122 Mass. 308, and *Pierce* v. *Gilkey*, 124 Mass. 300.     *Judgment on the verdict.*