## CILLEY *v.* COLBY.

The discharge of the principal on a note, under a resolution for a composition, according to the provisions of U. S. Rev. Sts., s. 5,117, does not discharge the surety, even if the plaintiff proved his claim, voted for the composition, and his signature and assent were necessary to the acceptance of the proposition for a composition.

ASSUMPSIT, on a note dated July 14, 1876, signed by the defendant as surety.  The principal filed his petition in bank-

ruptcy February 6, 1877. The plaintiff proved his claim, and voted for assignee. Subsequently the bankrupt submitted to his creditors a proposition for a composition of 10 per cent. in satisfaction of their claims, under s. 17 of the amendment to the bankrupt act approved June 22, 1874. The creditors passed a resolution accepting the proposition, the plaintiff voting to ratify and confirm it. His signature was necessary to make the required amount and confirm the resolution. The composition was accepted, and ordered to be recorded. The 10 per cent. was paid, and the creditors, including the plaintiff, signed a receipt in full payment and liquidation of their respective claims in composition in bankruptcy, November, 1877.

*S. L. Bowers*, for the plaintiff.

*Edes & Newton*, for the defendant.

STANLEY, J. The defendant is liable, unless the plaintiff's vote in favor of a resolution accepting the proposition of 10 per cent., to be paid to the creditors in discharge of their claims against the principal, has the effect to release him. In a composition, no actual discharge of the principal is given; but the payment of the amount offered, and its acceptance by the creditor, is in effect a discharge, for by it all right of action against the bankrupt is barred. "No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, endorser, surety, or otherwise." U. S. Rev. St., s. 5,118. The voluntary discharge of the principal by the creditor discharges the surety; but proceedings in bankruptcy, even though the creditor participates therein, do not have the effect of a voluntary discharge. It is not the act of the creditor alone that makes the composition valid. A majority in number and amount must concur in consenting, and the court must also give its consent. If the plaintiff's consent was necessary, and if his withholding it would have prevented the bankrupt from obtaining his discharge, it does not follow that his signature alone was effectual. It was the concurrent act of a majority in number of the creditors and in amount of their debts, with the assent of the court, that made the composition effectual. Unless these three conditions had coexisted, there would have been no valid composition. *Guild* v. *Butler*, 122 Mass. 498; *Farwell* v. *Raddin*, 129 Mass. 7; *Hill* v. *Trainer*, 49 Wis. 537.

The same construction is given by the English courts to their statute of compositions, from which our own was, no doubt, copied. *Browne* v. *Carr*, 7 Bing. 508; *Ellis* v. *Wilmot*, L. R. 10 Ex. 10; *Simpson* v. *Henning*, L. R. 10 Q. B. 406; *Ex parte Jacobs*, L. R. 10 Ch. 211.

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.