| 47 | 211 |
| 141 | 408 |

GEORGE SNYDER v. THOMAS QUARTON.

*Plea puis darrein—Tender—Default in making reply.*

A plea *puis darrein*, when proper at all, may serve in place of a notice of defence.

Tender after suit brought must conform to Comp. L. §§ 6180–1, which does not allow it to bar farther prosecution, but only to stop interest and costs and subject the plaintiff to subsequent costs, and contemplates that it may be shown on the trial.

*It seems* that a plaintiff cannot be debarred from trying issues not met by the plea merely because he is in default for not replying to a defense which covers a part of the issues only.

Error to Lenawee.    Submitted Oct. 20.    Decided Oct. 26.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*E. B. Wood* and *Millard & Bean* for plaintiff in error.

*Merrit & Woodin* and *W. A. Underwood* for defendant in error.

CAMPBELL, J.    Quarton was sued by Snyder as guarantor of the payment of two years' rent on a lease made by Snyder to one Houlden.    He pleaded the general issue, and gave notice of defense to the first of the instalments that plaintiff had extended the time on it without his consent.    Suit was begun in March, 1880.

On the 18th of May, 1881, defendant by leave of the court filed what is claimed to be a plea *puis darrein · continuance*, setting up a tender after suit brought of the remaining instalment and costs up to that time.    The plea also repeated the defence of extension as to the prior instalment.

Plaintiff demurred for several reasons, among which were that the plea included matters not occurring since the last continuance; that it was double; that it set up no legal bar to the prosecution of the suit; and that it was not a proper plea of the nature it claimed to be.

The court overruled the demurrer with leave to reply, and on default of replication gave judgment for the defendant that plaintiff take nothing by his suit, and that defendant recover costs since the tender.

If this were a proper subject for such a plea, we have held that such a plea is proper instead of a notice. *Johnson v. Kibbee* 36 Mich. 269.

But a tender after suit brought can only be made under the statute. Comp. L. §§ 6180, 6181. This does not allow such a tender to bar the further prosecution of the suit, but only to stop interest and costs, and to subject the plaintiff to subsequent costs. The statute by its terms contemplates that such a tender may be shown on the trial. § 6181.

It may be remarked that it would be a very strange result if on default for replying to a defense covering only half the issues the plaintiff could under any circumstances be debarred from trying the rest. But the particular defects need not be dwelt upon, since the matter set up does not go in bar of the action at all.

The judgment must be reversed and the plea set aside with costs, and the case remanded for further proceedings.

The other Justices concurred.