SARAH J. WHITTEMORE v. ROE STEPHENS.

*Pleas puis darrein—Mispleading—Repleader—Estoppel by adjudication.*

A plea *puis darrein continuance* supersedes a previous plea to the general issue with notice of set-off, and places the issue entirely upon the new plea.

Where suit was brought for a debt, defendant pleaded that the judge in bankruptcy had given him a certificate that it had been adjudged that he had performed a composition with his creditors and was entitled to a discharge. *Held*, that a replication which merely traversed the effect of the adjudication and discharge tendered an issue that was immaterial and not triable by a jury, and that if plaintiff thought actual performance of the composition was necessary to a defence, he should have demurred to the plea. But where he made such replication instead, the defendant, if he relied on the certificate to defeat the action, should have demurred to it instead of going to trial on the issue.

Repleader is never awarded in favor of the party beginning the mispleading and to whose error the subsequent mispleading is traceable.

A plea of estoppel must be properly framed as such, especially in opening and closing, and it must set forth a claim that the plaintiff should.

not be admitted to make use of what the estoppel would exclude. The matter of estoppel alleged must be material and traversable, and if a judicial decision is relied on therefor, it must be so averred; and the decision must have been in a matter *coram judice.*

A plea of estoppel based on a judicial act which it does not aver as matter of estoppel in itself, but merely introduces as evidence and by way of argument and as a basis for a deduction, presents an issue which is a matter of legal inference only, and not traversable.

A judge in bankruptcy has no authority to give a debtor a certificate that he has been adjudged to have performed a composition with his creditors and that the proceedings taken entitle him to a discharge; and such a certificate, if given, could not properly be pleaded as an estoppel against the plaintiff in an action against the debtor for a debt.    The debtor is not released from liability unless he actually performs the composition and the question whether he has done so is open to trial, with or without a jury, in any court in which the debt might be sued for.

A plea of estoppel *puis darrein continuance,* however defective in frame and substance, must be entertained if defendant rests his case entirely upon it.

A plea of estoppel admits the cause of action, and if the estoppel fails, judgment follows in due course against the defendant.

A petition for the removal of a cause from a State to a federal court is not seasonably made if the cause has been pending in the State court for several terms.

The Statute of Amendments cures technical errors in awarding interlocutory judgment, ordering an assessment of damages and giving final judgment, if on the entire record the result should not be disturbed.

Error to Wayne.    Submitted April 7.    Decided June 21.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*Baker & Montrose* for appellant.    When a petition and bond for the removal of a cause are filed, the State Court must treat it as removed : *Le Roux v. Bay Circuit Judge* 46 Mich. 189; the plea puis darrein continuance overlies all other pleas (*Johnson v. Kibbee* 36 Mich. 269) and leaves the only issue on the pleadings in this case, the fact of the discharge in bankruptcy (*Dresser v. Brooks* 3 Barb. 435) of which the certificate of discharge is conclusive evidence (Rev. Stat. U. S. § 5119; Bump's Bankruptcy 729) and the

adjudication of the court is also evidence thereof: *In re* *Antisdel* 18 N. B. R. 289; a discharge in bankruptcy cannot be impeached collaterally: *Poillon v. Lawrence* 43 N. Y. Sup. Ct. 394; *Bank v. Olcott* 46 N. Y. 15; *Black v. Blazo* 117 Mass. 17; *Corey v. Ripley* 57 Me. 72; *Thurmond v. Andrews* 10 Bush 400; a composition under the bankrupt act bars all debts included in it: *Deford v. Hew'ett* 18 N. B. R. 524; *In re Bayly* 19 N. B. R. 76; *Exp. Hemmingway* L. R. 7 Ch. App. 724, n; a verdict is bad if it varies from the issue formed on the record, or does not cover the whole of it: Steph. Pl. 119, 120; Proffat Jury Trials 416; *Patterson v. United States* 2 Wh. 221; *Garland v. Davis* 4 How. 131; and such a defect cannot be cured by the consent of counsel: *Brown v. Hillegass* 2 Hill (S. C.) 447; *Phillips v. Hill* 3 Tex. 397; a court cannot lawfully compel a jury to find a special verdict, or deprive them of their right to find a general verdict: 1 Burr. Pr. 242; *Peck v. Snyder* 13 Mich. 21.

*David F. Fox* and *Alfred Russell* for appellee. A creditor's right to sue revives on default in payment of a composition: *Exp. Gilbey* L. R. 8 Ch. Div. 243: 25 Eng. 252; composition will not discharge a debtor unless the amount agreed on is actually paid: *In re Hurst* 13 N. B. R. 463; *In re Leipziger* 18 N. B. R. 264; *Edwards v. Coombe* L. R. 7 C. P. 519; *Newell v. Van Praagh* L. R. 9 C. P. 96; *Bank v. Porter* 122 Mass. 308; *In re Nebenzahl* 17 N. B. R. 25; *In re Tooker* 14 N. B. R. 35; a plea of discharge under a composition is defective in not alleging performance as to all creditors who participated in it: *Evans v. Gallantine* 57 Ind. 367.

GRAVES, C. J. The plaintiff sued the defendant on his promissory note for $20,000 and defendant pleaded the general issue with notice of set-off. But at a later stage he put in a special plea *puis darrein continuance* and set up a composition made with the plaintiff and other creditors under section 17 of the amendment framed to the Bankrupt

Law by the Act of June 22, 1874. By this proceeding the defendant abandoned his former plea and placed the issue of the suit entirely on the new plea. The original defence was eliminated, and all resistance to the action was reduced to the point newly set forth. *Wheelock v. Rice* 1 Doug. (Mich.) 267 ; *Johnson v. Kibbee* 36 Mich. 269.

The special plea did not aver any performance or offer of performance of the composition nor allege anything by way of excuse. But instead thereof it averred that defendant applied to be discharged from this debt of the plaintiff and from the debts of other composition creditors and for a certificate of such discharge in virtue of said composition ; that the plaintiff resisted the application on the ground that the defendant had not performed the composition, and the court. formulated an issue and had a hearing on the subject and thereon adjudged and determined that defendant had performed the composition and was entitled to the discharge sought, and in furtherance of this judgment or ruling then awarded to defendant a certificate showing and declaring said adjudication and that said proceeding operated to release and discharge the defendant from the indebtedness sued for and from all liability on account thereof.

The plaintiff made no objection to this plea by demurrer or otherwise. He filed a replication to it, which neither answered nor avoided the facts relied on as premises for the conclusion that the defendant was discharged, but merely traversed the alleged conclusion or effect of the adjudication and discharge, and concluded to the country. The defendant offered no objection whatever to this replication, and on these pleadings the parties went to trial before a jury who found in substance that defendant did not perform the composition with the plaintiff, and on this finding judgment interlocutory was entered that defendant was not discharged, and for recovery by the plaintiff, and that the clerk assess the damages. Some weeks later the clerk reported his assessment at $24,464.99 and judgment final was given on it.

The incongruity of these proceedings is very striking. The issue tendered by the replication was irrelevant, immaterial

and not triable by a jury, and the finding was a departure and wholly apart from any issue of fact offered by either side. If the plaintiff thought that actual performance of the composition or something equivalent was necessary in order to found a defence on an accord in bankruptcy, and that the premises of the plea did not warrant the conclusion, her regular course was to demur to the plea which did not allege performance or anything of that kind, but merely averred that the court in bankruptcy had undertaken to decide and had decided that performance had taken place. And on the other hand if it was the view of the defendant that the decision and award of certificate by the judge in bankruptcy, as the same are pleaded, were sufficient to defeat the action, he should have demurred to the replication which took no notice of the facts and merely assumed to traverse the legal inference.

It was my first impression on reading these anomalous proceedings that they authorized the award of a repleader, but further consideration has changed this opinion. The general doctrine of repleader need not be discussed. It is enough to say that a repleader is never awarded in favor of the party who is the first offender in mispleading and to whose misstep the later mispleading is traceable ; 1 Chitty Pl. (7th Eng. and 16th Am. ed.) 686 et seq. ; Gould Pl. ch. 10 ; and although the replication is wrong, the course of mispleading was begun by defendant.

The plea can find no support in the law of pleading. No precedent for it exists. It approaches nearer to a plea of estoppel than to any other. 2 Chit. Pl. 380, 381 : *Vooght v. Winch* 2 B. & Ald. 662 ; *Overton v. Harvey* 9 C. B. 324 ; *Steam Navigation Company v. Guillou* 11 M. & W. 877. But it is not one. The ancient rules concerning pleas of estoppel were extremely rigid ; 1 Chit. Pl. 291, 292, 543 ; Com. Dig. Estoppel, E 4 : E 6 ; *King v. Lyme Regis,* Doug. 149–159 ; and considerable strictness is still required. There must be no essential defect in the frame, and what is alleged as matter of estoppel must be traversable and material. Com. Dig. Estoppel, E 6. If a judicial deter-

mination is set up it must be well laid as estoppel and must have been *coram judice*. id. E 1. This plea is not framed as a plea of estoppel. It neither begins nor concludes in the manner necessary for such a plea. It contains no claim that the plaintiff should not be admitted to make use of what the supposed estoppel would exclude, nor any claim or averment of reliance on the decision of the district judge as an estoppel. 1 Chit. Pl. 585; 2 id. 381; Stephen's Pl. (6th ed.) 322; Bac. Abr. Pleas, (I. 11). Yet these are essential parts of such a plea. *Veale v. Warner* 1 Williams' Saunders, note 4, p. 325*a*.

The next defect worthy of notice is that the act of the District Judge is not averred to be an estoppel. It is introduced as evidence and by way of argument, and as constituting a basis for deduction, and this is a grave fault. Com. Dig. Estoppel, E 4; Coke on Litt. 352*b*. The effect of all is that the issue tendered is matter of legal inference and not traversable. *King v. Lyme Regis*, supra.

Leaving these objections, founded on the frame of the plea, I pass to the question whether the act of the District Judge as we find it stated could be deemed of sufficient force to be pleaded as estoppel. I have not succeeded in finding any provision for the issue of a certificate of discharge in such a case, nor any authority to adjudge the debtor entitled to one, nor any authority to grant a specific order declaring his discharge. The law contemplates, apparently, that the debtor shall not exonerate himself except by actual performance of the composition or by something equivalent, and I fail to discover any ground of inference that the judge is authorized to proceed by general declaration or in the form of adjudication and conclusively bind the creditor by certificate or finding of performance. The doctrine seems to be that in case the debtor fails to comply with the composition in point of fact his liability on the debt again becomes active and enforcible, and that the creditor may immediately sue him as though he had never concerted for a composition. The suit may be brought in any court in which it might have been brought if no bank-

ruptcy proceedings had been commenced, and the question of performance is there subject to trial, and before a jury if a jury is demanded. *National Mount Wollaston Bank v. Porter* 122 Mass. 308; *Pierce v. Gilkey* 124 Mass. 300; *Home National Bank v. Carpenter* 129 Mass. 1; *Newell v. Van Praagh* L. R. 9 C. P. 96: 8 Eng. 415; *Edwards v. Hancher* 1 C. P. Div. 111: 16 Eng. 458, and cases.

According to the view I have taken the defendant mispleaded. His plea offered no defence, and even the action of the District Judge was destitute of force to estop the plaintiff if counted on as required by the law of pleading. Still it was the defendant's right to stake his resistance to the action entirely on this plea, as he did, and it was not competent for the court to refuse the plea however objectionable in its frame and substance. Such appears to be the rule in a case so situated. *Paris v. Salkeld* 2 Wils. 137; *Lovell v. Eastaff* 3 Term 554; *Prince v. Nicholson* 5 Taunt. 333.

I do not regard the trial as of any importance, because there was nothing to try and the defendant lost nothing by the adverse verdict. The questions made on the trial are therefore immaterial. The plea was a virtual confession of the cause of action, and the interlocutory judgment, the assessment by the clerk and the award of final judgment were legitimate results in point of law of the shape of the contention, and they were in substance correct. The defendant is in no position to complain. The Statute of Amendments obviates all criticism on the practice in respect to the judgments and assessment. Comp. L. ch. 190.

As the record is understood the applications to remove the cause were not in season, and no facts appear to show that the retention of the cause was error. It is not certain that the new plea did not operate to eliminate from the cause all condition of removability and effectually preclude the defendant from charging error on the prior refusal to transfer and on the neglect to notice the application made subsequently. But in view of the record as I read it, no decision is necessary on this subject.

On the construction of the case to which I am led, no error is shown of which the defendant is entitled to complain, and the judgment should be affirmed with costs.

CAMPBELL and MARSTON, JJ. concurred.

COOLEY, J.   I do not concur in this opinion.