W. L. BLAKE COMPANY *vs.* FRED L. LOWELL.

Cumberland.     Opinion February 11, 1896.

*Insolvency. Discharge. Composition. Estoppel. R. S., c. 70, § 62.*

An insolvent debtor, who has obtained his discharge on composition proceedings, is estopped from pleading such discharge in bar of the suit of his creditor, who has proved his claim and is not chargeable with laches so long as he withholds the percentage due on the creditor's claim.

Payment of the same into court with interest from the time of demand and costs will operate as a tender.

ON EXCEPTIONS.

This was an action of assumpsit tried in the Superior Court, for the county of Cumberland, in which judgment was rendered for the defendant, and the plaintiff excepted.

The facts are found in the opinion.

*Benjamin Thompson,* for plaintiff.

*J. W. Symonds, D. W. Snow and C. S. Cook, C. L. Hutchinson,* with them, for defendant.

Effect of R. S., c. 70, § 63, is to give the creditor for whom a deposit is made but six months within which he may prove his claim. Neglect to make proof within that time is fatal to the right to recover, and the creditor stands in the same position

as one neglecting to file a claim against an insolvent estate until after the assignee has distributed the funds.

The provision is analogous to the statute of limitations.

This position is strengthened by the clause which provides that the court may at its discretion make distribution. During the first six months after the deposit is made the court holds the funds as trustee for the benefit of the several creditors named in the schedule. After the expiration of six months the creditors either have the right to receive the money upon making proof of their debt, or they have not. If they have the right to the money, how can we reconcile this right with the right of the court to make distribution? If the creditor is still the "cestui que trust" of the amount deposited with the court to secure his claim, it is impossible to justify a diversion or distribution of the funds. But the court has the right to make distribution, for it is expressly so provided in the section under discussion. We claim, therefore, that the creditor after the expiration of six months from the time of deposit is no longer entitled to demand the amount deposited as security for his claim, but is barred by his own laches.

The statute is dealing not only with the creditor "who cannot be found," and who therefore is necessarily ignorant of the proceedings, but also with the creditor who "*refuses* to accept the percentage due him under the proceedings." No distinction is made between them. Both must be treated the same.

The regularity of the proceedings before the insolvent court are not impeached.

Section 49, c. 70, R. S., provides that a discharge in insolvency, "shall bar all suits brought on any such debts, claims or liabilities as were or might have been proved" against the estate in insolvency. It provides that the certificate given to the insolvent "shall be conclusive evidence" in his favor "of the fact and regularity of such discharge."

The Chief Justice in *Cobbossee National Bank* v. *Rich*, (81 Maine, 164,) speaking of this section says: "The plaintiff's counsel contends that this provision applies only to a certificate obtained in regular insolvency proceedings and not to one

under a composition. We think it applies to all certificates and can see no reason why it should not. Protection against the mistakes of the court or its officers, is as desirable in one case as in the other. The section has both a general and a special application. Its provisions apply generally as far as appropriate and consistent with other sections. The only provision in the chapter in relation to the manner of pleading a discharge is contained in this section, and certainly, that simple and useful provision applies to all cases."

SITTING: WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. Assumpsit to recover the contents of three several promissory notes aggregating $186.87. Defense, discharge in insolvency granted on composition proceedings. Reply, failure to pay the composition percentage.

The case shows that plaintiff had no actual notice of the insolvent proceedings or of the proposed composition, until after the percentage belonging to it had been returned from the registry of the court to the insolvent, who, on demand for the same promptly made as soon as the plaintiff knew of the insolvency proceedings, and had proved his debt, refused to pay the same.

Composition is based upon an offered percentage. Revised Statutes, c. 70, § 62, provides that the judge being satisfied that the insolvent has either paid or secured the percentage due all the creditors named in the schedule annexed to the insolvent's affidavit required by the statute (the plaintiff's name appeared in such schedule) shall give the insolvent a discharge from all his debts named in such schedule ; that if any such creditor cannot be found or refuses to accept such percentage, the insolvent may deposit the same in court as security for his debt, and that after six months, if the creditor fails to prove his debt and accept such percentage, "the court may order the same to be repaid to such insolvent or, after notice to him, make such disposition thereof as justice requires."

In this case, the plaintiff's percentage was ordered to be paid, and was paid to the insolvent without any knowledge by the plaintiff of the insolvent proceedings, and the insolvent refused to pay over the same prior to this suit.

The moving consideration for the discharge was the payment of percentages and, in the absence of laches by the creditor, on refusal by the debtor to work out the beneficent provisions of the statute wholly for his benefit, he ought not to be permitted to avail himself of the same so long as he contumaciously refuses to comply with the duty imposed upon himself. It is inequitable that he should do so, and an equitable estoppel just fits such a case and prevents the working of a fraud. This view does not impeach the regularity of the discharge that is made conclusive, nor conflict with the doctrines of *Bank* v. *Rich*, 81 Maine, 164, but simply withholds the use of it for the time being against a particular creditor, the same as the judgment of any court may be restrained of execution until equitable interests shall have been protected.

The bankrupt act of 1874 provided for composition proceedings by way of resolution passed by certain of the creditors, and provided: "And such resolution shall, to be operative, have been passed by a majority in number, and three-fourths in value, of the creditors of the debtor assembled at such meeting, either in person or by proxy, and shall be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor." It further provided: "Such resolution, together with a statement of the debtor as to his assets and debts, shall be presented to the court, and the court shall" upon notice and hearing "inquire whether such resolution has been passed in the manner directed by this section; and if satisfied that it has been so passed, it shall, subject to the provisions hereinafter contained, and upon being satisfied that the same is for the best interests of all concerned, cause such resolution to be recorded, and statement of assets and debts to be filed; and until such record and filing shall have taken place, such resolution shall be of no validity." The statute then makes such resolution binding upon all the credi-

tors placed upon the schedule presented at the meeting when the resolution was passed.

It is held that this resolution takes effect from and by virtue of the judgment of the court approving the same. *Guild* v. *Butler*, 122 Mass. 498 ; *Farwell* v. *Raddin*, 129 Mass. 8, and cases cited ; *Bank* v. *Carpenter*, 129 Mass. 5. To be sure, no formal discharge was given, as under our statute, but the resolution confirmed by the court operated as a discharge. Nor was there any provision for the payment of percentages into court as in our statute, but the methods of both statutes were intended to compass the same result, viz : to discharge the debt on payment of the percentages. Under our statute payment into court in some cases is made a pre-requisite to a discharge, that the same may become, in the words of the statute, security for the debt. This security may be returned to the debtor after the lapse of six months if the creditor fails to prove his debt and accept the same. No discharge shall be granted unless the debtor has either paid or secured the percentage. The whole trend of the statute is to require payment of the percentage before the discharge shall avail the debtor. If he has not secured the percentage he shall not have his discharge, and if he withdraws the percentage and withholds it he shall not use the discharge to accomplish his own fraud. That is a reasonable construction that works equity.

Under the bankrupt act it was uniformly held that judgment of court confirming the composition could not be successfully pleaded in bar of the debt until the percentage had been paid or tendered, unless the same had been waived, or the creditor had taken part in the composition proceedings. *Pierce* v. *Gilkey*, 124 Mass. 300, and cases cited, both English and American.

In this case, therefore, a new trial should be ordered, and if the defendant purges his inequitable conduct by paying the percentage into court, with interest from the time of demand, and costs, it should operate and have the same effect as a tender.

*Exceptions sustained.*