CHARLES T. HAMBLEN & another *vs.* THOMAS RATIGAN.

Suffolk. November 10. — 16, 1875. WELLS & ENDICOTT, JJ., absent.

The creditors of A. and B. by a composition deed agreed to accept from A. and B. "ten per cent. of the amounts due us and each of us from said A. and said A. and B. in full settlement and discharge of our debts against them, said ten per cent. to be paid within thirty days." The plaintiff, one of A.'s creditors who joined in the deed, held a note and account against him, which were then due. He also held another note, which would not become due until after the expiration of said thirty days, on which A.'s name appeared as indorser. *Held,* that this last note was not included in the composition deed.

CONTRACT upon a promissory note, dated February 2, 1874, signed by one Travers, and payable three months after date to the order of the defendant, who indorsed the same to the plaintiffs. Writ dated June 10, 1874. The case was submitted to the Superior Court, and after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows:

Payment of the note was duly demanded of said Travers, the maker, who neglected to pay the same, and due notice of its non-payment was given to the defendant.

On February 24, 1874, before the said note became due, the plaintiffs joined with other creditors in the execution of a composition deed, of which the following is a copy :

"We, the undersigned, creditors of George D. Clement and Thomas Ratigan, both of Boston, in consideration of one dollar to each of us paid, do hereby agree to accept from said Clement and Ratigan a sum equal to ten per cent. of the amounts due us and each of us from said Ratigan, and said Clement and Ratigan, in full settlement and discharge of our debts against them as above, said ten per cent. to be paid within thirty days."

At the time of signing the composition deed the plaintiffs, in addition to the note now in suit, held another note for $100, signed by the defendant, which was then due and payable, and there was also due the plaintiffs the sum of $70 on open account for goods sold the defendant. In accordance with the terms of the agreement in the composition deed the plaintiffs received a dividend of $17, being ten per cent. of the amount due on the open account and on the note then due and payable, and no part of the note now in suit has ever been paid.

If, on these facts, the plaintiffs were entitled to recover at all, judgment was to be entered for them for $100 and interest from May 2, 1874, or for ten per cent. of that amount, as the court should find that the note declared on was covered by the composition deed or not.

*W. S. Hall*, for the plaintiffs.

*J. D. Long*, for the defendant.

DEVENS, J. By the composition deed the creditors of Ratigan agreed to accept ten per cent. of the amounts due them in settlement and full discharge of their debts, and at that time the plaintiffs held a note and account against the defendant both of which were due. This deed was dated February 24, 1874, and the ten per cent. was to be paid within thirty days. There was a contingency upon which there might become due from Ratigan to the plaintiffs a certain other sum, if Travers should fail to pay his note at maturity, and Ratigan should be properly notified thereof. The defendant contends that upon payment of ten per cent. of

amounts due, he was entitled to be discharged from all debts, whether due or not.   Whatever might have been the effect of the deed upon debts, the liability for which was fixed, the character and language of the deed does not indicate that it was intended to be a relinquishment of all liabilities by reason of which the defendant might afterwards upon the occurrence of certain events become chargeable as a debtor.   While such a contingent demand might undoubtedly have been released if the parties had so intended, yet it should appear that they had it in view at the time of executing the deed.   *Pierce* v. *Parker*, 4 Met. 80, 89.   Here everything points to the opposite conclusion.   Before it could be determined whether the defendant would become liable to pay this note, the composition deed would by its terms have been fully executed.   There were two claims to which it strictly applied; and the subsequent conduct of the parties, who made no provision for any dividend upon this, tends to show that it was not understood upon either side that this claim was released.

*Judgment for the plaintiffs.*