NATIONAL MOUNT WOLLASTON BANK *vs.* CHARLES F. POR-
TER & another.

Norfolk. Jan. 24. — March 7, 1877. MORTON & ENDICOTT, JJ., absent.

The indorser of a promissory note, before its maturity, was adjudged a bankrupt,
   and made a proposition of composition, under the U. S. St. of June 22, 1874, § 17,
   which was accepted by the requisite majority of the creditors, and approved by
   the court, but did not appear to have been assented to by the holder of the note.
   At the maturity of the note, payment was duly demanded, and due notice of non-
   payment given to the indorser. The maker was afterwards adjudged a bankrupt,
   and made a like composition with his creditors, which was duly accepted and ap-
   proved, and was performed. The indorser did not, according to his composition,
   pay the proportion agreed to the holder, but offered to pay him a proportion of the
   balance due, after deducting the amount received by him from the maker. *Held,*
   that the holder could maintain an action against the indorser for the whole bal-
   ance due on the note, after deducting the amount received from the maker.

CONTRACT upon a promissory note for $871.53, dated March
16, 1875, payable in six months, made by E. Mann & Son, and
indorsed by the defendants. The case was submitted to the
Superior Court, on an agreed statement of facts in substance as
follows:

The plaintiff became the holder of the note for value, before
maturity. On May 11, 1875, before the maturity of the note,
and after the plaintiff had become the holder of it, the de-
fendants were adjudged bankrupts in the District Court of the
United States for the District of Massachusetts. Pending these
proceedings, the defendants, on May 24, 1875, under the U. S. St.
of June 22, 1874, § 17, made a proposition for a composition with
their creditors, at the rate of fifty cents on the dollar; the com-
position was duly accepted by the requisite majority of their
creditors, and on June 2, 1875, having been duly confirmed by
their creditors, was ordered by the District Court to be recorded.
The note in suit was described, on the schedule of debts filed
by the defendants, according to its terms, and as held by Wil-
liam F. Lawrence. The defendants had, after receiving the
note, passed or sold it to Lawrence, and, at the time they filed
their schedules in bankruptcy, they did not know that Lawrence
had parted with the note. The plaintiffs did not assent to the
composition, nor did they have notice thereof.

On November 3, 1875, after the maturity of the note, the makers were adjudged bankrupts, and on December 6, 1875, made an offer of composition to the creditors, including the plaintiff, for the payment of fifty per cent., which was duly accepted and ordered by the court to be recorded, and had been duly performed before the bringing of this action.

Shortly after the bankruptcy of the makers, the defendants were informed that the plaintiff held the note, and offered to pay to the plaintiff fifty-five per cent. of the balance due on the note, after deducting the amount paid thereon by the makers, but made no legal tender of that sum. The plaintiff declined to accept that amount. Payment of the note was duly demanded at maturity, and due notice of non-payment given to the defendants.

If, upon the foregoing statement of facts, the plaintiff was entitled to recover upon the face of the note, judgment was to be entered for $435.77, with interest, the balance due thereon, after deducting therefrom fifty per cent., being the amount of the maker's dividend ; otherwise, judgment was to be entered for $239.67, a sum equal to fifty-five per cent. of the balance.

The Superior Court ordered judgment for the plaintiff, for $435.77, with interest; and the defendants appealed to this court.

*B. Adams*, for the plaintiff.

*E. Avery*, ( *G. M. Hobbs* with him,) for the defendants.

DEVENS, J. If the claim of the plaintiff, which was upon a contingent liability of the defendants upon an indorsement made by them upon a negotiable note not yet matured, was a debt provable in bankruptcy, and one which could be satisfied by a composition with their creditors, it could only be thus satisfied upon compliance with the terms thereof. *In re Hurst*, 13 Bank. Reg. 455. *In re Reiman*, 12 Blatchf. C. C. 562.

The plaintiff had received fifty per cent. of its debt from the estate of the maker, but this was no reason why the defendants should not pay them the fifty per cent. upon the whole debt as they had entered it upon their schedule. The plaintiff was entitled to the benefit of its double security. Where both maker and indorser are liable, the holder of a note may prove the amount against each, and receive dividends to the full amount of his debt.

*Sohier* v. *Loring*, 6 Cush. 537.   *Blake* v. *Ames*, 8 Allen, 318.
*Ex parte Talcott*, 2 Lowell, 320.   Having refused to pay ac-
cording to their composition, the defendants cannot now protect
themselves by it from an action at law.   *Edwards* v. *Coombe*,
L. R. 7 C. P. 519.   *In re Hatton*, L. R. 7 Ch. 723.

If the note was not provable in bankruptcy before maturity,
and it would seem that it was not, the same result follows.   U. S.
Rev. Sts. § 5069.   *In re Loder*, 4 Bened. 305.   Claims against a
bankrupt, which are not provable, are not barred by any dis-
charge.   *In re Kingsley*, 1 Lowell, 216.   *Hamblen* v. *Ratigan*,
119 Mass. 153.   They cannot be satisfied by a composition to
which the holders of them have no right to become parties, even
if such claims are properly described on the schedule of the
debtor.

The defendants do not cease to be liable because the debt has
been satisfied, as against the maker, by the composition into
which he was permitted to enter, nor because of the receipt by
the plaintiff of a dividend under it.   The resolution for such
composition does not appear to have been passed with the con-
currence of the plaintiff.   It may have been the act of others
and of the court, which it was powerless to prevent.   Whether,
if, without the consent of the indorser, the plaintiff had con-
curred in the composition with the maker, it would have oper-
ated to release the indorser, is not now before us.*

*Judgment affirmed.*

---

* See *Guild* v. *Butler*, *post*, 498.