### WILLIAM H. GUILD *vs.* ALFORD BUTLER.

Suffolk.    March 15. — May 3, 1877.    ENDICOTT & SOULE, JJ., absent.

A creditor of a bankrupt does not, by consenting to a resolution for a composition under the U. S. St. of June 22, 1874, § 17, release a person liable as a surety for the same debt.

CONTRACT upon a promissory note made by the defendant payable to Robert W. Dresser & Co. or order, and by them indorsed to the plaintiff.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the note was made by the defendant for the accommodation of Dresser & Co., who at the same time gave him an agreement in writing that they would themselves pay the note at maturity; that the plaintiff did not know this when he took the note, but, after learning it, and after the commencement of this action, united with other creditors of Dresser & Co. in a petition in bankruptcy against Herman D. Bradt, the surviving partner of that firm, (Dresser, the other partner, having died,)

and afterwards voted for and signed a resolution of composition under the provisions of the act of Congress of June 22, 1874, § 17, by which the plaintiff with the other creditors of Dresser & Co. agreed to take, in full settlement, twenty per cent. of their claims, to be paid in three equal instalments, in ten days, three months and six months from the acceptance of that resolution, which was approved by the court in bankruptcy and recorded.

The judge instructed the jury that, if the note sued on was an accommodation note, and the defendant, as between him and Dresser & Co., was but a surety, and the plaintiff knew that it was an accommodation note when he entered into the resolution of composition, the fact of his entering into that resolution would constitute a defence to this action. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*P. H. Hutchinson,* for the plaintiff.

*R. Stone, Jr.,* for the defendant.

GRAY, C. J. By the existing acts of Congress upon the subject of bankruptcy, a bankrupt's estate may be settled, and the bankrupt discharged, in either of three ways :

First. The estate may be administered in the ordinary manner by assignees appointed for the purpose, and a certificate of discharge be granted by the court, with the assent, in some cases, of a certain proportion of the creditors who have proved their claims. Any person liable as surety for the bankrupt may, upon paying the debt, even after the commencement of proceedings in bankruptcy, prove the debt, or stand in the place of the creditor if he has proved it; or, the debt not having been paid by him nor proved by the creditor, may prove it in the name of the creditor or otherwise. U. S. Rev. Sts. § 5070. *Mace* v. *Wells,* 7 How. 272. *Hunt* v. *Taylor,* 108 Mass. 508. But the surety's liability to the creditor is not affected by any certificate of discharge granted to the principal. U. S. Rev. Sts. § 5118. *Flagg* v. *Tyler,* 6 Mass. 33.

Second. The estate may be wound up and settled by trustees nominated by the creditors, upon a resolution passed at a meeting for the purpose by three fourths in value of the creditors whose claims have been proved, and confirmed by the court, and upon the signing and filing, by such proportion of the creditors, of a consent in writing that the estate shall be so settled; in

which case such consent and the proceedings under it bind all creditors whose debts are provable, even if they have not signed the consent nor proved their debts ; the trustees have the rights and powers of assignees ; the winding up' and settlement are deemed proceedings in bankruptcy ; the court may summon and examine on oath the bankrupt and other persons, and compel the production of books and papers ; and the bankrupt may obtain a certificate of discharge in the usual manner. U. S. Rev. Sts. § 5103.

Third. The creditors, at a meeting ordered by the court, either before or after an adjudication of bankruptcy, may resolve that a composition proposed by the debtor shall be accepted in satisfaction of the debts due them from him. Such resolution, to be operative, must be passed by a majority in number of the creditors whose debts exceed fifty dollars in value, and by a majority in value of all the creditors, and must be confirmed by the signatures of the debtor, and of two thirds in number and one half in value of all his creditors. The debtor is required to attend at the meeting to answer inquiries, and to produce a statement of his assets and debts and of the names and addresses of his creditors. The resolution, with this statement, is to be presented to the court ; and if the court, after notice and hearing, is satisfied that the resolution has been duly passed and is for the best interest of all concerned, the resolution is to be recorded and the statement filed, and the provisions of the composition shall be binding on all the creditors whose debts, names and addresses are shown on the statement, and may be enforced by the court on motion and reasonable notice, and regulated by rule of court, or may be set aside by the court for any sufficient cause, and proceedings in bankruptcy had according to law. U. S. St. June 22, 1874, § 17. This section, providing for a composition under the supervision of the court, is taken from and substantially follows § 126 of the English bankrupt act of 1869, St. 32 & 33 Vict. c. 71. See *Ex parte Jewett*, 2 Lowell, 393 ; *Re Whipple*, 2 Lowell, 404.

It has been determined in England, by decisions of high authority and upon most satisfactory reasons, that a creditor, by participating in either of the three forms of proceeding, whether by assenting to a certificate of discharge, or by consenting to a

resolution, either for a winding up through trustees, or for the acceptance of a composition proposed by the debtor, does not release or affect the liability of a surety. *Browne* v. *Carr*, 2 Russ. 600 ; 5 Mo. & P. 497, and 7 Bing. 508. *Megrath* v. *Gray*, L. R. 9 C. P. 216. *Ellis* v. *Wilmot*, L. R. 10 Ex. 10. *Simpson* v. *Henning*, L. R. 10 Q. B. 406. *Ex parte Jacobs*, L. R. 10 Ch. 211, overruling *Wilson* v. *Lloyd*, L. R. 16 Eq. 60.

The proceedings for a composition under the statute, depending for their validity and operation, not upon the act of the particular creditor, but upon the resolution passed by the requisite majority of all the creditors, binding alike on those who do and on those who do not concur therein, (if their debts are included in the statement filed by the debtor,) and finally confirmed and established by the court upon a consideration of the general benefit of all concerned, differ wholly in nature and effect from a voluntary composition deed, which binds only those who execute it. *Oakeley* v. *Pasheller*, 4 Cl. & Fin. 207 ; *S. C.* 10 Bligh N. R. 548. *Bailey* v. *Edwards*, 4 B. & S. 761. *Bateson* v. *Gosling*, L. R. 7 C. P. 9. *Oriental Financial Corporation* v. *Overend*, L. R. 7 Ch. 142. *Cragoe* v. *Jones*, L. R. 8 Ex. 81. *Gifford* v. *Allen*, 3 Met. 255. *Phœnix Cotton Manuf. Co.* v. *Fuller*, 3 Allen, 441.

Assuming, therefore, that this defendant, having signed the note for the accommodation of the indorsers, was to be considered as a surety for them, and that the plaintiff, after acquiring knowledge of that fact, stood as if he had known it when he took the note, yet no defence is shown to this action.

*Exceptions sustained.*