No. 6728.

M. SHELLY & CO. VS. G. M. BAYLY AND B. M. POND.

Under the bankrupt laws of the United States, a creditor is not remitted to his original right
to sue at law, by the failure of the bankrupt to comply with the terms of his Composition.
The State Courts have, therefore, no jurisdiction of the suit of the creditor.

APPEAL from the Sixth District Court, parish of Orleans.　*Rightor*, J.

Thos. J. Semmes for Plaintiffs and Appellants.

A debtor who has made a composition with his creditors under the
Bankrupt Law of the United States, and failed to comply with its
terms, can be sued in a State court, and compelled to pay the entire
debt of the creditor whose share of the composition has not been
paid.

The Supreme Court of Massachusetts, in a similar case, says : " Having
refused to pay according to their composition, the defendants can-
not now protect themselves by it."
National Bank vs. Porter, 122 Mass. 308.

This composition law, enacted by the United States in 1874, is derived
from England ; the statute of the United States is almost copied
verbatim from that of England.

Failure to comply with the terms of the composition, it has been held in
England, remits the creditor to his original right to sue at law, and
he is not obliged to go into the Bankrupt Court to enforce the com-
position.　The creditor has his option to sue at law for the full
debt, or apply to the Bankrupt Court to enforce the composition, or
set it aside.
*In re* Hatton, L. R. 7 ch. app. 723.
Edwards vs. Coombe, L. R. 7 C. P. 519.
Newell vs. Van Praagh, L. R. 9 C. P. 104.
Edwards vs. Honcher, L. R. 1 C. P. Div. 118.

Kennard, Howe & Prentiss for Defendants and Appellees.

First—Under the Constitution, and by the laws of the United States, the
Federal Courts of Bankruptcy have exclusive jurisdiction of all
matters and proceedings in bankruptcy.　R. S., 711.

After bankruptcy proceedings commenced, a creditor having a probable
debt, and *a fortiori* creditors who have proved such debt, cannot
pursue the bankrupt in a State court thereon, save in certain ex-
cepted circumstances which do not exist in the case at bar.　Rev.
Stat., 105, 106, and amendment of June 22, 1874, 8th Bump. 675,
*et seq.*　By the act of June 22, 1874, a composition *in bankruptcy*
was provided for.　8 Bump, p. 668.

This was not a mere conventional compromise, but a proceeding which, when confirmed by the court, attained the dignity of a decree, and could only be enforced or set aside by the court that rendered such decree. Billings, J. Ms. opinion *in re* Bayly & Pond. Same case on petition of review, Woods, Circuit Judge, 19 B. R., 73 ; Deford vs. Hewlett, 18 B. R., 518.

Second—The difference between the English laws on this subject and the American statute is plain. The English cases are not in point against defendants, and the cases cited above control on reason and authority.

Third—The decree of the Court of Bankruptcy confirming a composition does not terminate the proceedings. That court retains the cause, the parties and the subject-matter. The bankrupts administer the assets under its orders ; they may be punished for contempt, and their administration may be terminated when, and only when, that court sets aside the composition, and directs the cause to move on to the election of an assignee, and for other purposes. 18 B. R., 552 ; 19 B. R., 73.

----

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for a balance due on an open account.

The defendants excepted to the jurisdiction of the court, alleging that they, individually, and as composing the firm of G. M. Bayly & Pond, had obtained a decree from the U. S. District Court for Louisiana, sitting in bankruptcy, granting and confirming a composition offered by them, by the payment of twenty-five cents on the dollar, and that said decree was affirmed by the U. S. Circuit Court, and became final before the filing of the petition herein ; that the plaintiffs' claim was contracted before, and *is embraced within,* said composition, granted under the Bankrupt Act and the amendments thereto, and that said composition can be set aside *only* by the U. S. District Court, which has sole and exclusive jurisdiction concerning the same and their bankruptcy. They, therefore, prayed for the dismissal of the suit.

On the trial of the exception a statement of facts was made by the parties, which establishes the averments of the exception. The District Court sustained the plea to the jurisdiction, and dismissed the suit.

From this judgment the plaintiff has appealed.

By section 611 of the U. S. Revised Statutes, enacted in furtherance of section 8 of article 1 of the Constitution of the United States, which vests Congress with power to " establish uniform laws on the subject of bankruptcies throughout the United States," it was provided that the Federal Courts should have exclusive jurisdiction of all matters and pro-

ceedings in bankruptcy, and that where a creditor has a favorable claim, and where he has proved it in the bankruptcy, he cannot sue on it in the State Court after the proceedings in bankruptcy of the debtor been commenced, until the proceedings have been terminated without a discharge, or after a discharge has been refused.

R. S. U. S., 5105, 5106, and amendment of June 22d, 1874.

By the amending act provision was made for a composition between the bankrupt and his creditors, which was to be a proceeding which, when confirmed by the court, became a decree of the court, which the court alone could set aside, under a special provision, when the creditors asked that relief. When the decree is set aside, the cause in bankruptcy proceeds and the estate continues to be administered upon.

Bump, 8th ed., 668, 670.

Relying upon the statement of facts, the plaintiff insists that the defendants, having failed to comply with the terms of the composition, the creditor is remitted to his original rights, and may sue at law, to recover his entire debt.

In support of that position he argues that the composition law, enacted in 1874, is derived from England, and is copied almost *verbatim* from the English statute. He claims that it has been held in England that a failure to comply with the terms of the composition remits the creditor to his original right to sue at law, and that he is not obliged to go to the Bankrupt Court to enforce the composition, and that he has his option to sue at law for the full debt, or apply for relief to the Bankruptcy Court. He cites in support of this position : *In re* Hatton, L. R. 7 ch. app. 723 ; Edwards vs. Coombe, L. R. 7 Com. Pl. 519 ; Newell vs. Van Praagh, L. R. 9 Com. Pl. 104 ; Edwards vs. Honcher, L. R. 1 Com. P. Div. 118 ; also National Bank vs. Porter, 122 Mass. 308.

It is apparent that there exists a material and vital difference between the English act (4 B. R. 192–200) and our own. · Under the former, composition can take place *before* and *without* any proceeding in bankruptcy, while under our statute it can only take place *in the course* of the proceedings, in the manner and form prescribed, and subject to the restrictions mentioned.

*In re* Scott Collins & Co., 15 B. R., p. 78.

In the case of Deford vs. Hewlett, 18 Nat. Bank. Rep. 518, the Court of Appeals of Maryland, after scrutinizing the peculiar form of the American act, has decided that, after a composition provides that the installments shall be secured by the notes of the debtor, a creditor who has proved his debt cannot sue for his original debt in a State court, although the debtor has made default in payment of one of his installments.

In 19 National Bankruptcy Register, 73, 77, 78, the U. S. Circuit

Court for the District of Louisiana (in a case coming from the District. Court sitting in bankruptcy, on a petition of review, which was dismissed), has endorsed that ruling as well founded in law, announcing clearly that the remedy for the failure to comply with the terms of the composition is pointed out by the statute, which does not permit the creditor to sue for and recover his original debt, but provides for an application to the court for the enforcement of the composition, or resumption of the bankruptcy proceeding.

The decree of composition does not divest the court making it of further jurisdiction. It merely keeps its powers *in suspense.* The bankrupt becomes a trustee, and is amenable to the orders of the court. Where the composition is annulled or set aside, the proceedings in bankruptcy are resumed, and continue until the final liquidation has taken place.

We, therefore, think that the plea to the jurisdiction was properly sustained.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.