ARTHUR E. BURR, trustee, *vs.* MASSACHUSETTS SCHOOL FOR THE FEEBLE-MINDED & claimants.

Suffolk.   January 7, 1908. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Commonwealth.   Massachusetts School for the Feeble-minded.   Contract,* Construction.   *Words, "Owner."*

The provision of R. L. c. 6, § 77, that "Officers or agents who contract in behalf of the Commonwealth for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and for materials used in such construction or repair" applies to a contract made by the Massachusetts School for the Feeble-Minded under statutory authority for the construction of a boys' and girls' home on land of the Commonwealth to be paid for by money furnished by the Commonwealth, the Massachusetts School for the Feeble-Minded being a corporation, through which the Commonwealth carries on charitable work, which in making such a contract acts as an agent contracting in behalf of the Commonwealth within the meaning of the statute.

The Massachusetts School for the Feeble-Minded under statutory authority made a contract in behalf of the Commonwealth for the construction of a boys' and girls' home on land of the Commonwealth, and as a compliance with the requirement of R. L. c. 6, § 77, inserted in the contract the following provision: "If at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indem-

---

nify him against such lien or claim." Under this clause the Commonwealth retained a sum equal to twenty per cent of the amount due to the contractor for labor and materials furnished under the contract, and sworn statements of claims against this fund were filed within sixty days after the completion of the work as required by the statute. The trustee in bankruptcy of the contractor brought an action against the Massachusetts School for the Feeble-Minded for the money thus retained, contending that, as the Commonwealth was the "owner" of the premises, no lien or claim had been or could be established against it, to bring the claims within the clause of the contract. *Held,* that the word "owner" was used in the sense of "an ordinary owner" and that the claims referred to were those "for which, if established, an ordinary owner of said premises might become liable," thus giving the provision of the contract effect and enforcing the statute.

A contract made with an officer or agent of the Commonwealth for the construction or repair of public buildings or other public works, which in compliance with the requirement of R. L. c. 6, § 77, provides security for the payment by the contractor for labor and materials by the retention of a certain proportion of any payment due to the contractor, gives to a person, who has furnished such labor or materials and has filed a sworn statement of his claim within sixty days after the completion of the work, an equitable interest in the fund held by the agent of the Commonwealth as security.

KNOWLTON, C. J.   The plaintiff is the trustee in bankruptcy of the H. P. Cummings Company, a corporation, and he brings this action against the Massachusetts School for the Feeble-Minded, to recover a balance due upon a contract for the construction of the "Boys' and Girls' Home at Waverly." This contract was made under the authority of the St. 1905, c. 444, the money paid for the building was furnished to the Massachusetts School for the Feeble-Minded by the Commonwealth, and the balance alleged to be due on the contract has been paid into court under an answer by way of interpleader, setting up an equitable defence in favor of certain claimants. This balance, which amounts to $6,408.94, is twenty per cent of the value of the labor and materials furnished under the contract, which was retained under Article IX. of the contract. The question is whether certain parties who were employed by the H. P. Cummings Company to furnish labor and materials for the construction of the building, and who have not been paid, and who appeared in court as claimants, are entitled in equity to be paid out of this fund.

The R. L. c. 6, § 77, is as follows: "Officers or agents who contract in behalf of the Commonwealth for the construction or repair of public buildings or other public works shall obtain

sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security, the claimant shall file with such officers or agents, a sworn statement of his claim, within sixty days after the completion of the work." In Article IX. of the contract is the following provision : " If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim." The statute and this provision are to be considered together in determining the rights of the parties. Each of the claimants filed with the trustees of the Massachusetts School for the Feeble-Minded, within sixty days after the completion of the work, a sworn statement of his claim for labor performed or furnished, and for materials used in the construction of the buildings.

The first question is whether the Massachusetts School for the Feeble-Minded was an officer or agent that contracted in behalf of the Commonwealth. The judge before whom the case was tried found and ruled that it was, and we think it plain that this decision was correct. The buildings were erected on land of the Commonwealth, and the money to be paid for them was furnished by the Commonwealth. The relations of this institution to the Commonwealth are shown in part by the R. L. c. 87, §§ 113 to 123. The salaries and wages of all the officers and employees, and all bills for supplies and other expenses of the institution were paid from the treasury of the Commonwealth. R. L. c. 87, § 127. Acts and resolves relating to the subject, passed almost every year for many years, are referred to in the agreed statement of facts. This is a corporation through which the Commonwealth carries on charitable work, and in reference to these buildings it was an agent contracting in behalf of the Commonwealth.

It was its duty, under the statute, in making the contract, to obtain security for the payment of these claimants. The statute was enacted to give contractors, furnishing labor and materials

in the erection of a building owned by the Commonwealth, security equivalent to the lien which the law creates upon the property of other owners in like cases. In the Pub. Sts. c. 16, § 64, the words are: " When public buildings or other public works upon which liens might attach for labor or materials, if they belonged to private persons, are about to be constructed or repaired for the Commonwealth by contract, the officers or agents," etc. R. L. c. 6, § 77. The object of the contract is to relieve such contractors from the effect of their inability to maintain an action against the Commonwealth for the enforcement of a lien.

The parties must be presumed to have known of this statute when they made the contract before us. They inserted in the contract this provision, which plainly refers to the general subject of securing contractors for debts due for labor or materials. Presumably they had a purpose in it, and it must be given meaning if possible. If it is construed strictly and narrowly, in accordance with the plaintiff's contention, it has no possible application to the subject of the contract. Against the Commonwealth as an owner there can be no lien or claim for labor or materials for which the Commonwealth might be liable, and which is chargeable to the contractor, because there is no statute giving a lien against the property of the Commonwealth. The distinction arises because the Commonwealth is not an ordinary party, is not suable in the ordinary way, and does not acquire property for ordinary uses. To give this clause any effect the word "owner" must be held to have been used in the sense of an ordinary owner, or an owner apart from peculiar qualities as a sovereign State, affecting the liability to suits and the creation of liens. If the clause were read, " a lien or claim for which, if established, an ordinary owner of said premises might become liable," etc., it would be free from ambiguity. If we read it in this way, we give effect both to the statute and the provision of the contract. If we give it the other meaning, the statute is set at defiance, and the provision is inapplicable to the subject with which the parties were dealing. We think it should be so construed as to give it effect.

In *Nash* v. *Commonwealth,* 174 Mass. 335, and *Kennedy* v. *Commonwealth,* 182 Mass. 480, this statute was considered, and

it was held that a contract under it gives the contractors an equitable interest in the property held by the agent of the Commonwealth as security. We are of opinion that a decree should be entered sustaining the equitable defence set up in the answer, and directing payment to be made to the claimants of the fund.

*So ordered.*

*C. B. Gleason,* (*L. K. Storrs* with him,) for the claimants John Farquhar's Sons and another.

*H. C. Joyner,* for the claimants James A. McIntosh and others.

*J. Cavanagh,* for the claimants Berry and Ferguson and others.

*D. Malone,* Attorney General, *&* *J. F. Curtis,* Assistant Attorney General, for the Massachusetts School for the Feeble-Minded, were given leave to file a brief.

*A. E. Burr,* trustee, *pro se.*