GEORGE H. SAMPSON COMPANY *vs.* COMMONWEALTH & others.

Suffolk.    November 30, 1910. — March 7, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction,* To enforce bond given under Pub. Sts. c. 16, § 64, or R. L. c. 6, § 77.    *Surety.*

At a former stage of this case it was decided, as reported in 202 Mass. 326, that the plaintiff who furnished for a contractor labor and materials used for the construction of an aqueduct under a contract made for the Commonwealth by a public board, could enforce for his benefit the bond given by the contractor to the Commonwealth in compliance with the requirement of Pub. Sts. c. 16, § 64, now R. L. c. 6, § 77. After the filing of the bill in equity upon which that decision was rendered the Commonwealth paid to the plaintiff and others, from the funds in its hands reserved by it from moneys due to the contractors, thirty-five per cent of their respective claims against the contractors, and the contractors assented to these payments. Upon receiving the payment made to him, the plaintiff, with the assent of the surety, released the Commonwealth. The plaintiff applied about half of the money thus received from the Commonwealth to paying for powder which had been used in blasting for the public work, for which the plaintiff was entitled to have the liability of the surety on the bond of the contractor enforced. The rest of the money so received from the Commonwealth the plaintiff applied in paying for fittings of machinery, tools and other supplies, for which the surety on the bond of the contractor was not liable, all of the claims thus discharged having been filed in the office of the board which made the contract for the public work. The surety contended that the whole of the money received from the Commonwealth should be applied toward the payment of the bill for powder and thus reduce the surety's liability to that extent. *Held,* that, there having been no agreement between the parties as to the application of the money, the plaintiff could apply the payment as he saw fit, and the fact that the surety was liable only on a part of the plaintiff's claim against the contractor did not give the surety the right to have the whole of the money received by the plaintiff applied to that portion of the plaintiff's claim.

MORTON, J.    This case was before this court and is reported in 202 Mass. 326. One of the questions then before the court was whether the right to compel the surety on the bond which the Commonwealth had taken from the contractors pursuant to Pub. Sts. c. 16, § 64, (now R. L. c. 6, § 77,) to make payment for the benefit of the plaintiff could be enforced in that suit, and it was held that it could be so enforced. Another of the questions was whether the plaintiff was entitled to a lien for the powder which it had sold to the contractors and which they had

expended in excavating the trench for the aqueduct by blasting out rock the greater part of which was used in its construction. It was held that the plaintiff was entitled to a lien for the powder so used.   After the filing of the bill in this case, pursuant to an arrangement between the parties interested, by which no one's rights were to be affected except so far as the amount of the plaintiff's claim might be reduced thereby, the Commonwealth paid to the plaintiff and others, from funds in its hands reserved by it from moneys due to the contractors, thirty-five per cent of their respective claims against the contractors.   These payments were made with the assent of the contractors, and, upon receiving the payment made to it, the plaintiff with the consent of the surety released the Commonwealth.   The amount so paid to the plaintiff was $1,793.89.   The total amount of the plaintiff's claim was $5,125.41.   That was the sum on which the percentage was calculated.   Of that amount $4,315.71 was for powder which had been used and expended as aforesaid, and the balance, $809.70, was for fittings to replace worn parts of machinery, tools and other supplies sold and delivered to the contractors for and on account of the work to which their contract with the Commonwealth to build the aqueduct related.   The plaintiff applied $809.70 of the amount received by it to the payment of its bill for fittings, tools and other supplies, and the remainder, $984.19, to the bill for powder.   The surety contended that the whole amount should be applied to the bill for powder.   But the judges of the Superior Court * ruled in favor of the plaintiff and entered a decree accordingly.   The surety appealed.

In addition to the amount received from the Commonwealth the plaintiff was allowed a dividend from the estate of Shanahan, one of the contractors, of $1,452.97.   The costs of collection were $363.24, and the plaintiff contended that it should be required to credit only the net proceeds.   But the judges ruled otherwise and required the plaintiff to credit the whole amount of the dividend.   No exception to this ruling and no appeal from the decree was taken by the plaintiff, and no question in regard to that matter is, therefore, now before us.

---

* *Fessenden, Richardson* and *Wait,* JJ.   See 202 Mass. 326, 328; Pub. Sts. c. 195, § 3, now R. L. c. 201, § 2.

The Commonwealth·has filed no brief and the parties at issue now are the plaintiff and the surety, and the principal question between them is whether the plaintiff had a right to apply the amount received from the Commonwealth as it did. We think that it had the right, and that the ruling of the judges was correct. The surety company contends that the decree should run against the Commonwealth and not against it, on the ground that according to the decree in *Nash* v. *Commonwealth*, 174 Mass. 335, the Commonwealth held the money which it paid over as security for the payment of the claims filed with the sewerage board and to the extent to which it paid over the same it discharged the surety company. But this case differs materially from the case of *Nash* v. *Commonwealth, supra*, and also from the similar cases of *Friedman* v. *County of Hampden*, 204 Mass. 494, and *Burr* v. *Massachusetts School for the Feeble-Minded*, 197 Mass. 357. In those cases no bond was taken by the Commonwealth as required by the statute, and unless the provision in the contract giving the public authorities the right to reserve from the contractors money due to the latter were construed as constituting the security required by the statute, the Commonwealth had taken no security. In this case bonds were taken as required by the statute for the express purpose of complying with the statute, and those decisions are not, therefore, applicable. If the money in the hands of the Commonwealth had been reserved for lienable claims as it was in the cases cited above, the surety would have been discharged *pro tanto*, at least, by any different application of it. *Guild* v. *Butler*, 127 Mass. 386. But the money reserved in this case did not come within the rule laid down in those cases.

The money reserved by the Commonwealth from the contractors was due to them generally and not in respect to any particular claims or demands, and it was retained by the Commonwealth under an article in the contract which gave the Commonwealth or the metropolitan water and sewerage board the right to keep any moneys which otherwise at any time would be payable to the contractors, and to apply the same, or so much thereof as the Commonwealth or the board might deem necessary, generally to the payment of claims for labor and materials furnished by parties to the contractors in the prosecution of the

work.   The only limitation upon the right of payment by the Commonwealth or the board was that in case notice of any claims had not been filed in the office of the board, the written consent of the contractors was required before the Commonwealth or the board could use for the payment of such claims any of the money that was reserved.   There was nothing in the contract restricting the Commonwealth or the board to the payment of claims which were lienable.   If there had been, and if a creditor entitled thereto had duly filed his lien and then had attempted to enforce payment by the surety of the amount claimed to be due him, the surety upon payment would no doubt have been entitled to the security, whether by lien or otherwise, held by the creditor, and if the Commonwealth had released the security or had applied the money differently, the surety as already observed would have been released *pro tanto*.   That is the doctrine laid down in *Gray* v. *Seckham*, L. R. 7 Ch. 680, and other cases cited by the surety. But as we have said there was nothing restricting payments by the Commonwealth or the board to lienable claims.   The list of claims filed with the board and on which thirty-five per cent was paid includes claims for which there was no lien as well as claims for which there was one.   No distinction was made between the two.   And when the board paid the plaintiff thirty-five per cent on its claim it paid it on the claim as a whole without regard to its component parts.   This payment, as already observed, was assented to by the debtors, the contractors, and is to be regarded as in substance and effect a voluntary payment by them and not as a compulsory payment by operation of law and so coming, as the surety contends, within *Commercial Bank* v. *Cunningham*, 24 Pick. 270.   There having been no agreement or understanding between the parties as to the application of the money, the plaintiff could apply it as it saw fit, and the fact that the surety company was liable on a portion of the plaintiff's entire demand against the contractors did not give it the right to have the whole amount received by the plaintiff applied to that portion.   *Brewer* v. *Knapp*, 1 Pick. 332, 337. *Upham* v. *Lefavour*, 11 Met. 174, 185.   *National Mahaiwe Bank* v. *Peck*, 127 Mass. 298.   The surety company could have protected itself by a provision in the stipulation signed by it and

the other parties interested in regard to payment by the Commonwealth, but not having done so it cannot now object to the application which has been made by the plaintiff. The result is that the surety company is liable for the balance that remains due on the plaintiff's demand, and it was settled when the case was here before that payment could be enforced in this suit against the surety.

We do not see why the plaintiff as the prevailing party is not entitled to costs, nor do we see any reason for changing the rule laid down when the case was here before as to the time from which interest should be calculated. The filing by the plaintiff of its claim with the board constituted a demand from which interest began to run.

*Decree affirmed.*

*E. A. Whitman,* for the United States Fidelity and Guaranty Company.

*C. H. Waterman,* for the plaintiff.