COHEN, Respondent, vs. LACHENMAIER, Appellant.

*December 5, 1911—January 9, 1912.*

*Bankruptcy: Discharge: New promise to pay: Validity: Consideration.*

1. Findings by the trial court to the effect that promises by a bankrupt, made both before and after his discharge, to pay a creditor in full were not made in consideration of such creditor's acting or forbearing to act in the bankruptcy proceedings, were not extorted from the debtor, and were not based upon any unlawful consideration, are *held* to be sustained by the evidence.
2. Discharge of a bankrupt, based on a composition after bankruptcy proceedings are instituted, is a discharge by operation of law, not by the voluntary assent of the creditors; and a debt so discharged will support a new promise of payment.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action to recover the balance claimed to be due on a promissory note for $700, signed by the defendant and held and owned by the plaintiff. One third of the face of the note was paid by a dividend in the bankruptcy proceedings against the defendant under a composition offer and settlement. The court awarded judgment for the balance claimed, basing the judgment on a promise of the defendant to pay such balance. This is an appeal from the judgment of the circuit court affirming the judgment on appeal from the judgment of the civil court of Milwaukee county.

*William E. Burke,* for the appellant, to the point that a debt discharged in bankruptcy will not be revived by a promise made after a composition settlement between the bankrupt and his creditors, such promise being without consideration, cited *Taylor v. Skiles,* 113 Tenn. 288, 81 S. W. 1258.

For the respondent there was a brief by *Aarons & Niven,* attorneys, and *I. G. Strauss,* of counsel, and oral argument by *C. L. Aarons.*

SIEBECKER, J. The note was executed on December 30, 1909. On February 7, 1910, the defendant was adjudged a voluntary bankrupt, and on February 17, 1910, he filed an offer of composition of thirty-three and one-third per cent. with his creditors. This offer was accepted by a majority in number and amount of the creditors, including the plaintiff, and was confirmed by the court on March 15 or 16, 1910.

The plaintiff testified that, between the time when the defendant was declared a bankrupt and the time when he was discharged of his debts in the bankruptcy proceedings, the defendant told him that he would pay him every dollar that was due him on the note, and that a like promise was made after the order of discharge had been made.

The action was instituted in the civil court of Milwaukee

county, and, after a nonsuit was denied, judgment was duly entered therein in favor of the plaintiff. Upon appeal to the circuit court the judgment of the civil court was affirmed. The judgment of the circuit court was rendered after argument on an order to show cause why the judgment of the civil court should not be affirmed.

Upon the evidence of the plaintiff and his bookkeeper, a jury having been waived, the judge of the civil court found:

"That said promises and neither of them were made upon consideration of plaintiff's acting or forbearing to act in the bankruptcy proceedings; that said promises were not extorted from the defendant; that they were not based upon any unlawful consideration."

It is contended that the evidence fails to sustain the finding of the court. The trial court in passing on the weight of the evidence as to the first promise of the defendant, made before the plaintiff accepted the composition agreement, considered that the evidence fell short of showing a violation of sec. 29 *b* of the Bankruptcy Act of 1898 (30 U. S. Stats. at Large, 544, ch. 541), which prescribes a punishment "upon conviction of the offense of having knowingly and fraudulently . . . extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings." We have examined the evidence and find that this finding is not against the clear preponderance of the evidence. The probative force of the evidence adduced depended largely upon the credibility and weight of the plaintiff's evidence, and this the trial court, with the advantage of observing him while testifying, is better qualified to determine than we can from a reading of the record.

It is further contended that each promise, if made, is *nudum pactum,* because the plaintiff, as one of the creditors, joined with the majority of the creditors in number and amount in accepting the defendant's offer of a composition

with the creditors in settlement of their claims.   This claim is based upon the ground that a discharge in bankruptcy in a composition is not a discharge by operation of law but is one effected by the voluntary assent of the creditors.   The adjudications are to the effect that a debt which has been extinguished by a voluntary agreement of the debtor and creditor will not support a new promise and that one discharged by operation of law will support one.   The proceeding resulting in the discharge of a debtor from liability, based on a composition after bankruptcy proceedings are instituted, is not in its nature such a voluntary act of the creditor as is considered in law as being a voluntary assent of the creditor to the satisfaction of the debt.   As stated in *In re Merriman's Estate,* 44 Conn. 587:

"The proceeding is not a composition *inter partes,* in which proceeding each creditor can make his assent or dissent final as to himself, but is a statutory composition wherein the assent only of a specified number is required, subject to a subsequent decree of court. . . . The differences are radical between the nature of a composition *inter partes* and of a bankruptcy composition; the root of their differences is the fact that the entire proceedings for and in a bankruptcy composition are proceedings in bankruptcy, and are a part of a system for the compulsory division of assets which is administered by a court, while a composition *inter partes* derives its validity merely from the will of the parties."

Upon the promises of the defendant as found by the trial court the plaintiff established his right to recover the unpaid balance of the debt.

*By the Court.*—Judgment affirmed.